MoKiNNET, J.,
delivered the opinion of the court.
This was an action of debt brought in the circuit court of Dyer by the defendants in error against the plaintiff in error. Yerdict and judgment against the defendant for five hundred and eighty-three dollars and eighty-three cents, and an appeal in error to this court. Among other grounds of defense to the action relied upon by the defendant, was a plea of set off. In support of this plea, the defendant, on the trial of the cause, offered two notes under seal, each for the sum of one hundred and seven dollars, executed by the plaintiffs’ intestate to McClure & Co., and assigned to the defendant McGinnis, before the commencement of this suit, but after the death of the intestate. The court held that the defendant could not avail himself of these notes by way of set off to the plaintiffs’ demand, on the ground that the assignment was subsequent to the death of the intestate.
In this we think there is error. If in an action by Allen, in his life-time, the notes would have been proper matters of set off, they are equally so in an action by his personal representatives. We are aware of no principle upon which the distinction taken by the circuit judge can be maintained. The time of the assignment* whether prior or subsequent to the intestate’s death, is *647 immaterial, provided it were before tlie institution of the suit. It is well settled by the course of decision under the act of 1756, ch. 4, § 7, that if the defendant, in an action in which a plea of set off is an admissible defense, were, at the time of the commencement of such action, the holder and proper owner of a note or bill-single executed by the plaintiff, either by endorsement or delivery, he may avail himself of such note or bill-single as a set-off to the plaintiff’s demand; 8 Humph., 46; 1 Swan, 258 ; lb. 92. Such debts are regarded as “mutual” within the meaning of the act. The set-off is given as a more summary and convenient remedy than a cross-action.- The policy of the statute is to suppress useless litigation, and its provisions are therefore entitled to receive a favorable arid liberal construction.
The argument against the admissibility of the set-off relied upon'in this case, deduced from the policy of the statutes regulating the administration of insolvent estates, however well founded as applicable to cases conducted under the provisions of those statutes, has no application to the present case. So far as appears from this record, no suggestion of the insolvency of the intestate’s estate has been, or could be made. If the estate be in fact i/nsolvent, it is the business of the administrators to resort to the proper proceedings under the statutes.
Judgment reversed.